The opinion of the Court was delivered by
Johnson, J.
The ground taken in arrest of judgment, involves two considerations:
1. Whether the declaration does not describe the negro with sufficient certainty ?
2. If it does not, whether it is not cured by the verdict ?
Every declaration for a tort should describe the property or thing affected with as much certainty as will enable the defendant to see clearly and distinctly for what he is to answer, and when that purpose is answered, the object of description is fully attained. Vide 1 Chit. Plead. 362. In this case,[1] it is objected that the name was omitted. The name, it is true, furnishes one fact, pointing to the identity of the negro ; but that, itself, does not render it certain, for there may be another of the same name, and a description might possibly have been given, which would have pointed at her with more certainty; for instance, her size, age, sex, complexion, marks, parents, &c. It would therefore appear, that the name was not an indispensable part of the description ; but>I think it ought not to have been omitted where it was known ; and it was evidently the intention to insert it here. I am *well satisfied, however, that the -J objection comes too late, after a verdict.
There was no objection made at the trial of the cause, in the Court below, for the want of certainty in the description; and the cause was tried on the merits. The object of certainty was therefore attained, and the defendant comes too late now to complain.[2] See 1 Chitty, 401, where it is laid down, that a defect, imperfection, or omission in the description of the property or thing-, is cured by a verdict. In short, that the Court will presume almost any thing after a verdict.
The motion for a new trial depends upon the evidence; and it would, be a sufficient answer to it, that as there was evidence on both sides, even admitting that it preponderated on the side of the defendant, this Court would not interfere with the province of the jury, by disturbing their verdict. But in this State, permitting personal property to go into the possession of a daughter on her marriage, and to remain there a considerable length of time, has long been regarded as sufficient evidence of a gift ;[3] Bay, 232; and I think with great propri *427 ety. Where a parent is able, it is not only usual, but very natural, to make some provision- for their daughters on their marriage; and when this provision is inconsiderable, I venture to affirm, that in ninety-nine cases out of an hundred, that the only evidence that could be furnished of a gift, is the possession of the property. The very delicate relationship which subsists between the father-in-law and the son-in-law, is a complete barrier to the latter’s making any demand upon him, as to the precise terms on which property is put into his possession ; and it is notorious that these things are usually negotiated through the mother, who ascertains the will of the father in relation to it. But when this delicacy is gotten over, they never think of calling in witnesses to attest the gift, when each feels himself secure in the confidence and friendship of the other To oppose this evidence, which we deem satisfactory, are the declarations of the plaintiff. These the jury might have *discredited, p*,,,, although the character of the witness was not assailed by proof; L or they had a right to presume, that they were made when the defendant was ignorant of the right which had vested in him by the delivery to him and his possession, and, in either view, they ought not to have been permitted to defeat his interest, if, indeed, he had any.
O'Neal, for the motion. Stark, Solicitor, contra.
The motion, I think, ought to be discharged.
Coloook, Nott and G-antt, JJ., concurred.

 5 Rich. 473.

 5 Rich. 532.

 9 Rich. 73; 7 Rich. 62; 6 Rich. 282 ; 4 Rich. 173; 10 Rich. 332; 5 Strob 462 ; 4 McC. 228; Rice, 73.